## CUNNINGHAM v STATE

Ohio Appeals, 4th Dist, Athens Co
Decided March 11, 1931

Jones, Jones & Erskine, for Cunningham.
John W. Bolin, Pros. Atty., Athens, for State.

### THE FACTS ARE STATED IN THE OPINION.

MIDDLETON, J.

The plaintiff in error was convicted by a jury in the Court of Common Pleas under an indictment containing three counts charging violations of §12646 and §12649 GC. The case was submitted to the jury under all of said counts and a general verdict of guilty was returned against him. No demand was made on the court to direct the state to elect upon which count or counts the case should be submitted to the jury and no exceptions were taken to the submission of all of the counts to the jury.

The defendant is complaining here of some errors which he maintains intervened to his prejudice in the trial of the case. He contends, first, that there was no proof that any of the things complained of were injurious to the health of the public. It is a sufficient answer to say that this contention may only apply, if at all, to the first count in said indictment, and as to that count it was not necessary for the state to show that the thing complained of actually affected the health of the public or any part of it. It is sufficient under that count to show, as charged therein, that it was injurious to the comfort of the people living in the vicinity of the alleged nuisance. A further rule should be observed, which is that the indictment having contained three counts, and the verdict of the jury being a general one finding the defendant guilty under all of said counts, it is sufficient if the record properly shows a convction under only one or more of said counts.

Some further complaint is made of the failure of the trial court to give two special instructions to the jury which it is claimed were requested to be given before argument We have carefully examined the record and are unable to find any trace of the two instructions claimed to have been so requested or of any refusal of the court to give such instructions or any exceptions by the defendant to the refusal of the court to give the instructions claimed to have been requested either before argument or after argument or in the general charge of the court. Moreover, we are convinced that if the record did sufficiently show that such instructions were requested they were properly refused for the reason that they were not pertinent to a case of the kind then being tried.

Another complaint goes to the admission of the testimony of an official stenographer, who for the purpose of impeaching

a witness referred to her notes taken before the grand jury and read to the jury a part of the record she then made. The competency of evidence of this kind has been established by the courts generally and is directly approved in several reported cases, among which may be mentioned the case of **Baum v State,** 6 O. C. C. (n.s.) 515.

The verdict of the jury in this case was proper and the judgment which followed must be affirmed.

MAUCK, PJ, and BLOSSER, J, concur.